UNITED STATES DISTRICT COURT
SOUTHERN DISTIRCT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

JORGE UGARTE,

    Plaintiff,

v.

WHOLE FOODS MARKET I.P., L.P.,

    Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, WHOLE FOODS MARKET I.P., L.P.[1] ("Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes this action from the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida. The removal of this action is based upon the following:

**I.    INTRODUCTION**

On or about April 20, 2020, Plaintiff JORGE UGARTE ("Plaintiff") filed a civil action in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, entitled *Jorge Ugarte v. Whole Foods Market I.P., L.P.,* Case No. 2020-008685-CA-01 (hereinafter referred to as the "State Court Action"). Plaintiff's Complaint asserts three causes of action against Defendant: Count I, discrimination based upon national origin pursuant to the Florida Civil Rights Act, Florida Statute §760.10, *et seq*. (FCRA); Count II, gender discrimination pursuant to the FCRA; and Count III, hostile work environment. A true and correct copy of all process, pleadings,

---

[1] This is the incorrect entity. The proper entity that employed Plaintiff is Whole Foods Market Group, Inc.

orders and other papers or exhibits of every kind currently on file in the State Court Action are attached hereto as **Composite Exhibit A**, as required by 28 U.S.C. § 1446(a).

This case is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a), and it is one that may be removed to this Court pursuant to 28 U.S.C. §§1441 and 1446.  More specifically, this is an action between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.  Accordingly, Defendant removes this action to this Court.

**II.    COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

Defendant was served with the Complaint and Summons on May 1, 2020.  A copy of the Summons reflecting service of process is attached as **Exhibit B**.  This constituted Defendant's first notice of the Complaint for purposes of removal.  Thus, this Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b), within 30 days from the date Defendant received notice of the Complaint.

In accordance with 28 U.S.C. § 1446(d), Defendant will promptly provide written notice to Plaintiff of the removal in this action and will promptly file a copy of this Notice of Removal in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.

**III.    VENUE AND JURISDICTION**

    **A.    Venue**

Pursuant to 28 U.S.C. § 1446(a), because the Circuit Court of Miami-Dade County lies in the Miami Division of the U.S. Southern District of Florida, this Court is the appropriate venue for removal.

**B.     Jurisdiction**

**1.     Complete Diversity of Citizenship Exists.**

In order to qualify for diversity jurisdiction, there must be complete diversity between the parties, which means that no plaintiff may be a citizen of the same state as any defendant. *See Pease v. Medtronic, Inc.*, 6 F. Supp.2d 1354, 1356 (S.D. Fla. 1998) (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996) (*overruled on other grounds* by *Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000)). Diversity of citizenship exists in the instant action.

In his Complaint, Plaintiff states that he is a resident of Miami-Dade County, Florida and that he was employed by Defendant in Miami-Dade County, Florida. Compl. ¶¶ 2 and 7. Accordingly, Plaintiff is a resident of Florida for the purposes of diversity jurisdiction.

Pursuant to 28 U.S.C. §1332(c)(1), a corporation is deemed to be a citizen of any State by which it has been incorporated and of any State where it has its principal place of business. In his Complaint, Plaintiff states that Defendant is a foreign corporation with its principal place of business in Texas. Compl. ¶3. The Complaint fails to plead any information about Defendant's state of incorporation. Instead, Plaintiff only alleges that Defendant "conducted business in Miami-Dade County, Florida." *Id.* However, Defendant is not the correct entity in question. The entity that employed Plaintiff was Whole Foods Market Group, Inc.

Notwithstanding, both Defendant and Whole Foods Market Group, Inc. are incorporated in Delaware and have their principal place of business in Texas. *See* Declaration of Robert Tenzer at ¶3, attached as **Exhibit C**. Accordingly, Defendant and Whole Foods Market Group, Inc. are citizens of Delaware and Texas for the purposes of diversity jurisdiction.

**2.     The Amount in Controversy Exceeds $75,000.**

Pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction requires that the amount in

controversy "exceed the sum or value of $75,000.00." The amount in controversy in the instant action exceeds $75,000.00.

Plaintiff states in his Complaint that he seeks to recover damages, attorneys' fees and costs and other equitable and legal relief as the Court deems appropriate. *See ad damnum* clause following ¶38 of Pl.'s Complaint. Plaintiff further alleges that he suffered mental anguish, emotional distress, inconvenience, loss of capacity for the enjoyment of life, expense of medical and nursing care and treatment, out of the pocket expenses, loss of income, and loss of earning capacity. Pl.'s Compl. ¶¶25 and 32. The FCRA authorizes courts to award back pay, compensatory damages for mental anguish, loss of dignity, and any other intangible injuries, punitive damages, and attorneys' fees and costs. FLA. STAT. § 760.11.

Plaintiff does not say anything in his Complaint about the specific amount of damages that he seeks to recover in the instant action. Where, as here, removal is based on diversity of citizenship, and the initial pleading does not demand a specific sum, "the notice of removal may assert the amount in controversy." 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554, 2014 U.S. LEXIS 8435, at *14 (Dec. 15, 2014) ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

As a general rule, the amount in controversy is determined by considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). In calculating potential lost wages for jurisdictional purposes, it is proper to calculate the figure through the trial date. *See Messina v. Chanel, Inc.*, 2011 U.S. Dist. LEXIS 71138 (S.D. Fla. Jul. 1, 2011) (appropriate to calculate lost wages from time of termination through trial date in examining the

jurisdictional minimum); *see also Cashman v. Host Int'l, Inc.,* U.S. Dist. LEXIS 123164, *4 (M.D. Fla. Nov. 9, 2010) (noting that "[c]onsideration of the additional back pay amount from the date of removal to the date of trial, based on a conservative estimate of the trial date, is not impermissible speculation").

Plaintiff's allegations reflect that the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs. Plaintiff's final rate of pay was $19.11 per hour. *See* Tenzer Declaration, ¶6. If Plaintiff were to recover all of his lost wages from June 20, 2017, to the present, he potentially could recover lost wages totaling approximately $114,029.37.[2] *See* Tenzer Declaration, ¶¶6-7. Moreover, if the case proceeds to trial on or around June 20, 2021—just over one year from the present—he may be seeking an additional approximately 55 weeks of lost wages, or about $40,990.95 (*i.e.,* $745.29 x 55 weeks). *Id.* Thus, standing alone, Plaintiff's unmitigated back pay damages through the estimated date of trial total approximately $155,020.32 (*i.e.*, $114,029.37 + 40,990.95).

In addition to his back pay damages, Plaintiff is also entitled to seek "front pay" damages if he prevails on his claim. Front pay is a form of equitable relief that the Court may award in lieu of reinstatement. *See Pollard v. E.I. DuPont de Nemours & Co*, 532 U.S. 843, 846 (2001). For purposes of determining the amount in controversy, the value of equitable relief "is the monetary value of the object of the litigation that would flow to the plaintiff[] if the [requested relief] were granted." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 973 (11th Cir. 2002). Thus, front pay is properly considered in assessing the amount in controversy and it is reasonable to include one year of front pay in the estimate of Plaintiff's potential recovery for the purposing of analyzing the amount controversy. *See Brown v. Cunningham Lindsey U.S., Inc.*, 2005 U.S. Dist. LEXIS 38862,

---

[2] $745.29/week (average earnings per week). $745.29/week x 153 weeks = $114,029.37.

5

\* 15 (M.D. Fla. 2005) (crediting one year of back pay *plus* one year of front pay, as a conservative measure of potential lost wages in a wrongful termination case).  An award of one or more years of front pay is not uncommon in employment discrimination cases.  *Munoz v. Oceanside Resorts, Inc.*, 223 F.3d 1340, 1349 (11th Cir. 2000) (affirming award of one year of front pay).  Based on Plaintiff's final rate of pay and average weekly earnings, one year of front pay is the equivalent of $38,755.08.[3]

As noted above, Plaintiff is seeking to recover unspecified compensatory damages. Plaintiff's compensatory damages may include a variety of intangible, non-economic losses that potentially exceed the jurisdictional minimum.  *See generally Bartley v. Starwood Hotel & Resorts Worldwide, Inc.,* No. 07-80637-CIV, 2007 WL 2774250 (S.D. Fla. Sept. 24, 2007). Even "garden-variety" compensatory damages in employment termination cases may significantly increase the amount in controversy.  *See e.g., Munoz*, 223 F.3d at 1349 (affirming award of $150,000 damages for emotional distress on Florida Civil Rights Act claim).  As these cases demonstrate, compensatory damages under the FCRA may, standing alone, meet the amount in controversy requirement.

Plaintiff also seeks to recover his attorneys' fees, which the Court may award to the prevailing party under the Florida Civil Rights Act.  Fla. Stat., § 760.11.  Attorneys' fees are included in the amount-in-controversy calculation if a statute mandates or permits recovery of attorneys' fees.  *Morrison v. Allstate Ins. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000), *Cowan v. Genesco, Inc.*, No. 3:14-cv-261-J-34JRK, 2014 WL 3417656, 2014 U.S. Dist. LEXIS 95412 (M.D. Fla. July 14, 2014).  If Plaintiff were to prevail at trial – which the Court properly assumes for

---

[3] $745.29 (average earnings per week) x 52 weeks.

6

purposes of removal – his claim for attorney's fees alone more likely than not will exceed $75,000. *See Cowan v. Genesco, Inc*, 2014 U.S. Dist. LEXIS 95412 at *15.

Considering the *cumulative* value of Plaintiff's potential claims for back pay, front pay, compensatory damages, and attorney's fees, Plaintiff's claims, though vigorously contested by Defendant, will more likely than not involve an amount in controversy that exceeds the sum of $75,000, exclusive of interest and costs.

WHEREFORE, having fulfilled all statutory requirements, Defendant removes this action from the Circuit Court in and for Miami-Dade County, Florida, to this Court, and requests that this Court assume full jurisdiction over this matter as provided by law.

Dated this 29th day of May 2020
Respectfully submitted,

By: */s/ Alexandra Blanco Mangas*
Patrick G. DeBlasio, III, Esq.
Florida Bar No. 871737
E-Mail:  pdeblasio@littler.com
Secondary:  btapia@littler.com
Alexandra Blanco Mangas, Esq.
Florida Bar No. 106874
E-Mail:  alblanco@littler.com
Secondary:  kljackson@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 SE 2nd Avenue, Suite 2700
Miami, FL 33131
Telephone:  (305) 400-7500
Facsimile:   (305) 603-2552

*Attorneys for Defendant*