# EXHIBIT A



MIAMI-DADE COUNTY CLERK OF THE
COURTS
HARVEY RUVIN



Contact Us    My Account

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

◀◀ BACK TO SEARCH

| JORGE UGARTE VS WHOLE FOODS MARKET IP LP | |
|---|---|
| Local Case Number: 2020-008685-CA-01 | Filing Date: 04/20/2020 |
| State Case Number: 132020CA008685000001 | Judicial Section: CA02 |
| Consolidated Case No.: N/A | Case Type: Discrimination - Employment or Other |
| Case Status: OPEN | |

**👥 Parties**                                                    Total Of Parties: 2  ➕

**🔧 Hearing Details**                                            Total Of Hearings: 0  ➖

| Hearing Date | Hearing Time | Hearing Code | Description | Hearing Location |
|---|---|---|---|---|

**🔊 Dockets**                                                    Total Of Dockets: 9  ➖

↪ EXPORT TO CSV

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 8 | 05/20/2020 | | Motion for Extension of Time | Event | Parties: Whole Foods Market IP LP |
| 📄 | 7 | 05/06/2020 | | Service Returned | Event | Parties: Whole Foods Market IP LP |
| | 6 | 04/23/2020 | | Receipt: | Event | RECEIPT#:2320139 AMT PAID:$10.00 NAME:SYGMAN, FORREST 7300 N KENDALL DR STE 450 MIAMI FL 33155 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:E-FILING ACH TENDER AMT:$10.00 RECEIPT |
| | | 04/22/2020 | | 20 Day Summons Issued | Service | |
| 📄 | 5 | 04/22/2020 | | ESummons 20 Day Issued | Event | Parties: Whole Foods Market IP LP |
| 📄 | 4 | 04/22/2020 | | (M) 20 Day (C) Summons (Sub) Received | Event | |

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | 3 | 04/21/2020 | | Receipt: | Event | RECEIPT#:2320176 AMT PAID:$401.00 NAME:SYGMAN, FORREST 7300 N KENDALL DR STE 450 MIAMI FL 33155 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3100-CIRCUIT FILING FEE 1 $401.00 $401.00 TENDER TYPE:E-FILING ACH TENDER AMT:$401.00 RECE |
| | 2 | 04/20/2020 | | Complaint | Event | |
| | 1 | 04/20/2020 | | Civil Cover Sheet - Claim Amount | Event | |

◀◀ BACK TO SEARCH

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer

## General

Online Case Home     Civil / Family Courts Information     Login

## Help and Support

Clerk's Home     Privacy Statement     ADA Notice     Disclaimer     Contact Us

About Us



**HARVEY RUVIN**

Miami-Dade County
Clerk of the Courts

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2020 Clerk of the Courts. All rights reserved.



**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

---

I.      **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Jorge Ugarte</u>
 Plaintiff
         vs.
<u>Whole Foods Market I.P.,L.P.,a Foreign Limited Par</u>
Defendant

---

II.     **AMOUNT OF CLAIM**
        Please indicate the estimated amount of the claim rounded to the nearest dollar $<u>30,001</u>

III.    **TYPE OF CASE**     (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

| | |
|---|---|
| ☐ Condominium | ☐ Malpractice – other professional |
| ☐ Contracts and indebtedness | ☒ Other |
| ☐ Eminent domain | ☐ Antitrust/Trade Regulation |
| ☐ Auto negligence | ☐ Business Transaction |
| ☐ Negligence – other | ☐ Circuit Civil - Not Applicable |
| ☐ Business governance | ☐ Constitutional challenge-statute or ordinance |
| ☐ Business torts | ☐ Constitutional challenge-proposed amendment |
| ☐ Environmental/Toxic tort | ☐ Corporate Trusts |
| ☐ Third party indemnification | ☒ Discrimination-employment or other |
| ☐ Construction defect | ☐ Insurance claims |
| ☐ Mass tort | ☐ Intellectual property |
| ☐ Negligent security | ☐ Libel/Slander |
| ☐ Nursing home negligence | ☐ Shareholder derivative action |
| ☐ Premises liability – commercial | ☐ Securities litigation |
| ☐ Premises liability – residential | ☐ Trade secrets |
| ☐ Products liability | ☐ Trust litigation |
| ☐ Real Property/Mortgage foreclosure | |
| ☐ Commercial foreclosure | ☐ County Civil |
| ☐ Homestead residential foreclosure | ☐ Small Claims up to $8,000 |
| ☐ Non-homestead residential foreclosure | ☐ Civil |
| ☐ Other real property actions | ☐ Replevins |
| ☐ Professional malpractice | ☐ Evictions |
| ☐ Malpractice – business | ☐ Other civil (non-monetary) |
| ☐ Malpractice – medical | |

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**   **REMEDIES SOUGHT** (check all that apply):
  ☒  Monetary;
  ☐  Non-monetary declaratory or injunctive relief;
  ☐  Punitive

**V.**   **NUMBER OF CAUSES OF ACTION:**
   (Specify)

   3

**VI.**   **IS THIS CASE A CLASS ACTION LAWSUIT?**
  ☐  Yes
  ☒  No

**VII.**   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
  ☒  No
  ☐  Yes – If "yes" list all related cases by name, case number and court:

**VIII.**   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
  ☒  Yes
  ☐  No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature:   s/ Forrest Sygman
       Attorney or party
FL Bar No.:  748020
       (Bar number, if attorney)
       Forrest Sygman
       (Type or print name)
   Date:  04/20/2020

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

JORGE UGARTE,

      Plaintiff,

vs

WHOLE FOODS MARKET I.P., L.P.,
a Foreign Limited Partnership,

      Defendant.

_____/

GENERAL JURISDICTION DIVISION

CASE NO:

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW,** Plaintiff, JORGE UGARTE, by and through the undersigned counsel, and hereby sues Defendant, WHOLE FOODS MARKET I.P., L.P., and in support thereof states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.     This is a cause of action for damages in excess of Thirty Thousand Dollars ($30,000.00), exclusive of costs, interest and attorney's fees, and otherwise within the jurisdiction of this Court.

2.     At all times material hereto, the Plaintiff, JORGE UGARTE (hereinafter referred to as "Plaintiff"), is, and was, a resident of Miami-Dade County, Florida; over the age of 18 years; and otherwise *sui juris*.

3.     At all times material hereto, the Defendant, WHOLE FOODS MARKET I.P., L.P. (hereinafter referred to as "Defendant"), is, and was, conducting business in Miami-Dade County, Florida with its principal place of business located at 550 Bowie Street, Austin, Texas 78703.

Defendant owns and operates a grocery store located at 6701 Red Road, Coral Gables, Florida 33134, which is located in Miami-Dade County.

4.      This Court has personal jurisdiction over the Defendant because the Defendant has sufficient minimum contacts in the state of Florida and has otherwise intentionally availed itself of the forum within Florida through its business activities, such that the exercise of jurisdiction by this Court is proper and necessary.

5.      Venue is appropriate in Miami-Dade County, Florida because the damages from which these causes of action stem from arose in Miami-Dade County, Florida.

### FACTUAL ALLEGATIONS

6.      At all times material hereto, the Defendant owned and operated a national chain of grocery stores and was a retailer of natural and organic foods.

7.      At all times material hereto, the Plaintiff worked at the Defendant's store located at 6701 Red Road, Coral Gables, Florida 33156.

8.      The Plaintiff is a male of Hispanic descent; specifically, the Plaintiff's national origin is Nicaraguan. Due to his ancestry, the Plaintiff speaks Spanish and is considered Hispanic.

9.      The Plaintiff began working for the Defendant in 2012 as a Meat Cutter in the Meat Department.

10.      From 2012 through the beginning of 2015, the Plaintiff worked as a Meat Cutter in the Meat Department.

11.      Commencing early 2015, the Defendant hired James Hall – a Caucasian male – as a supervisor in the Meat Department.

12.      The Plaintiff was exposed to numerous offensive comments and mistreatment with regards to his national origin and/or ancestry and/or color and/or race and/or sex. To this end, the

Plaintiff was subjected to:

    a.   Being treated poorly due to the Plaintiff's national origin and/or ancestry and/or race and/or color and/or sex;

    b.   Being replaced as a Meat Cutter because of the Plaintiff's national origin and/or ancestry and/or race and/or color and/or sex;

    c.   Being demoted to the Meat Grinder position because of the Plaintiff's national origin and/or ancestry and/or race and/or color and/or sex;

    d.   Not being allowed to Speak Spanish on the job unless attending to Spanish speakers;

    e.   Not being allowed to assemble and/or congregate and/or interact with Spanish speaking co-workers while on the clock;

    f.   Intimidation, hostility, and fear insofar as James Hall threatened the Plaintiff's life;

    g.   Ridicule and/or mockery due to James Hall's statements to other employees that he was "out to get [the Plaintiff];"

    h.   Ridicule and/or mockery due to James Hall making inappropriate sexual remarks to the Plaintiff because of his sex such as "You are looking good today."

    i.   Ridicule and/or embarrassment and/or mockery due to James Hall calling Hispanic employees, of which the Plaintiff was one, "Gardeners;"

    j.   Being called names by James Hall and/or any person referred or recommended by James Hall to work at the Defendant's store;

    k.   Demotion by James Hall from Meat Cutter to Meat Grinder;

l.   Being replaced as a Meat Cutter by an unqualified Caucasian individual referred and/or recommended by James Hall;

m.  Being passed up for promotion by James Hall who was providing his unqualified Caucasian male friends with higher paying positions and/or better hours and/or better working conditions; and

n.   The loss of respect and esteem of his co-workers due to James Hall's actions.

13.   After James Hall was hired and after the Plaintiff was subjected to numerous offensive comments and mistreatment, multiple complaints were made to middle and upper management employees of the Defendant; however, the Defendant failed to take any actions as a result thereof, including, but not limited to:

a.   Conducting an investigation into the allegations of discrimination;

b.   Conducting an investigation into the allegations of disparate treatment;

c.   Conducting an investigation into the allegations that the white, male employees referred and/or recommended by James Hall for positions within the Defendant's store were unqualified for the positions they obtained; and

d.   Conducting an investigation into the allegations that qualified African American and Hispanic employees were being passed over for promotions to positions that were filled by unqualified white males.

14.   At all times material hereto, the Defendant acted with malice and reckless disregard for the Plaintiff's protected rights.

15.   Any conditions precedent to the filing of this suit have either been met, waived, or excused.

16.   The Plaintiff has hired the undersigned attorneys and agreed to pay them a

reasonable fee for their services.

## COUNT I
## DISCRIMINATION BASED UPON NATIONAL ORIGIN

17.     The Plaintiff realleges and reasserts paragraphs one through fifteen as though fully set forth herein.

18.     Florida Statute §760.10(1)(a) provides, in pertinent part:

(1)  It is an unlawful employment practice for an employer:

a.   To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, ….national origin....

19.     The Plaintiff is a member of a protected class based upon his national origin and/or ancestry and/or race and/or color.

20.     The Plaintiff was exposed to discriminatory practices within the meaning of the Florida Civil Rights Act and as defined by Florida Statute §760.10 on the basis of his national origin and/or ancestry and/or race and/or color.

21.     The Plaintiff's national origin and/or ancestry and/or race and/or or color are not bona fide occupational qualifications that are reasonably necessary for the performance of the particular job for which the Plaintiff was hired, i.e., the Meat Cutter position.

22.     At all times material hereto, the Plaintiff was qualified for the Meat Cutter position.

23.     After James Hall was hired, the Plaintiff was demoted from the Meat Cutter position to the Meat Grinder position because of the Plaintiff's national origin and/or ancestry and/or race and/or color.

24.     Defendant's actions were willful and done with malice.

25.     As a direct and proximate result of the Defendant's discriminatory practices, the

Plaintiff suffered from mental anguish, emotional distress, inconvenience, loss of capacity for the enjoyment of life, expense of medical and nursing care and treatment, out-of-pocket expenses, loss of income, and loss of earning capacity.  The losses are either permanent or continuing in nature and Plaintiff has suffered these losses in the past and will suffer these losses in the future.

## COUNT II
## GENDER DISCRIMINATION

25.     The Plaintiff realleges and reasserts paragraphs one through fifteen as though fully set forth herein.

26.     Florida Statute §760.10(1)(a) provides, in pertinent part:

(1)  It is an unlawful employment practice for an employer:

a.   To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's…sex…

27.     The Plaintiff was exposed to discriminatory practices within the meaning of the Florida Civil Rights Act and as defined by Florida Statute §760.10 on the basis of his sex.

28.     The Plaintiff's sex is not a bona fide occupational qualification reasonably necessary for the performance of the particular job for which the Plaintiff was hired.

29.     At all times material hereto, the Plaintiff was qualified for the Meat Cutter position.

30.     After James Hall was hired, the Plaintiff was demoted from the Meat Cutter position to the Meat Grinder position because of the Plaintiff's sex.

31.     Defendant's actions were willful and done with malice.

32.     As a direct and proximate result of the Defendant's discriminatory practices, the Plaintiff suffered from mental anguish, emotional distress, inconvenience, loss of capacity for the enjoyment of life, expense of medical and nursing care and treatment, out-of-pocket expenses, loss

of income, and loss of earning capacity.  The losses are either permanent or continuing in nature and Plaintiff has suffered these losses in the past and will suffer these losses in the future.

**COUNT III**
**HOSTILE WORK ENVIRONMENT**

33.    The Plaintiff realleges and reasserts paragraphs one through fifteen as though fully set forth herein.

34.    From an objective point of view, the Plaintiff was repeatedly exposed to severe and pervasive mistreatment such that he began, and continues to, suffer from mental anguish and emotional distress, which has physically manifested itself in the form of, *inter alia,* racing thoughts, sleep disturbance, anxiety, and poor concentration.

35.    The repeated exposure to severe and pervasive mistreatment consisted of:  being subjected to discriminatory and offensive comments based upon the Plaintiff's national origin and/or race and/or color and/or sex.

36.    After James Hall was hired, the Plaintiff had to endure the aforementioned discriminatory and offensive comments as they, *de facto*, became a continued condition of employment.

37.    The comments were discriminatory and offensive because they consisted of:

a.  Intimidation;

b.  Ridicule;

c.  Mockery;

d.  Offensive jokes;

e.  Slurs;

f.  Interference with work performance;

g.  Epithets; and

h.   Threats.

38.     As a direct and proximate result of the hostile work environment created by and/or condoned by and/or endorsed by the Defendant, the Plaintiff suffered from mental anguish, emotional distress, inconvenience, loss of capacity for the enjoyment of life, expense of medical and nursing care and treatment, out-of-pocket expenses, loss of income, and loss of earning capacity.  The losses are either permanent or continuing in nature and Plaintiff has suffered these losses in the past and will suffer these losses in the future.

**WHEREFORE**, the Plaintiff, Jorge Ugarte, demands judgment for damages against the Defendant, Whole Foods Market I.P., L.P., along with attorneys' fees and costs, and such other further equitable and legal relief as this Court may deem appropriate.

<u>**DEMAND FOR JURY**</u>

**WHEREFORE**, the Plaintiff demands a trial by jury on all issues so triable as a matter of right, together with any other necessary and equitable relief this Court deems just and proper.

Dated: 20th this day of April, 2020.

**FORREST SYGMAN, P.A.**
Tate Building
7300 N. Kendall Drive
Ste 450
Miami, Florida 33156
Telephone: (305) 661-8955
forrest@sygmanlaw.com
associate@sygmanlaw.com


_____
**FORREST SYGMAN, ESQ.**
FBN: 748020
**MARLENE COLLAZO, ESQ.**
FBN: 75330

☑ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION ☑ CIVIL ☐ OTHER ☐ DISTRICTS | SUMMONS 20 DAY CORPORATE SERVICE (a) GENERAL FORMS | CASE NUMBER 2020-008685-CA-01 |
|---|---|---|
| **PLAINTIFF(S)** JORGE UGARTE | **VS. DEFENDANT(S)** WHOLE FOODS MARKET I.P., L.P., a Foreign Limited Partnership, | **SERVICE** |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:
**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on

defendant(s): WHOLE FOODS MARKET I.P., L.P.,

    By serving the Registered Agent CT Corporation System

    1200 S. Pine Island Road
    Plantation, Fl 33324

CLOCK IN

Each defendant is required to serve written defense to the complaint or petition on

Plaintiff's Attorney: FORREST SYGMAN, PA
whose address is: 7300 NORTH KENDALL DRIVE, SUITE 450
         MIAMI, FL 33156

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| | | DATE |
|---|---|---|
| **HARVEY RUVIN** **CLERK of COURTS** | DEPUTY CLERK | |

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

Filing # 106559888 E-Filed 04/22/2020 12:43:09 PM

☑ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION ☑ CIVIL ☐ OTHER ☐ DISTRICTS | SUMMONS 20 DAY CORPORATE SERVICE (a) GENERAL FORMS | CASE NUMBER 2020-008685-CA-01 |
|---|---|---|
| PLAINTIFF(S) JORGE UGARTE | VS. DEFENDANT(S) WHOLE FOODS MARKET I.P., L.P., a Foreign Limited Partnership, | SERVICE |

THE STATE OF FLORIDA:

To Each Sheriff of the State:
**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on

defendant(s): WHOLE FOODS MARKET I.P., L.P.,

By serving the Registered Agent CT Corporation System

1200 S. Pine Island Road

Plantation, Fl 33324

Each defendant is required to serve written defense to the complaint or petition on

Plaintiff's Attorney: FORREST SYGMAN, PA
whose address is: 7300 NORTH KENDALL DRIVE, SUITE 450
MIAMI, FL 33156

CLOCK IN

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **HARVEY RUVIN** **CLERK of COURTS** | *[signature]* 219401 DEPUTY CLERK | DATE 4/22/2020 |
|---|---|---|

**AMERICANS WITH DISABILITIES ACT OF 1990**
**ADA NOTICE**

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

CLK/CT. 314  Rev. 02/16                                    Clerk's web address: www.miami-dadeclerk.com

## RETURN OF SERVICE

| State of Florida | County of Miami-Dade | Circuit Court |
|---|---|---|

Case Number: 2020-008685-CA-01

Plaintiff:
**JORGE UGARTE**

vs.

Defendant:
**WHOLE FOODS MARKET I.P., L.P., et al.,**

For:
Forrest Sygman
Law Office Of Forrest Sygman, P.A.
7300 N. Kendall Drive
The Tate Building Suite 450
Miami, FL 33156

Received by DLE PROCESS SERVERS, INC. on the 30th day of April, 2020 at 2:23 pm to be served on **Whole Foods Market I.P., L.P., Registered Agent: Ct Corporation System, 1200 S. Pine Island Rd, Plantation, FL 33324.**

I, Ira Smith, do hereby affirm that on the **1st day of May, 2020** at **1:18 pm, I:**

SERVED the within named corporation by delivering a true copy of the **Summons 20 Day Corporate Service, Civil Cover Sheet and Complaint And Demand For Jury Trial.** at the address of **1200 S. Pine Island Rd, Plantation, FL 33324** with the date and hour endorsed thereon by me to, **MONICA MYRICK, INTAKE SPECIALIST** as an employee of the Registered Agent listed with the Florida Division of Corporation, pursuant to F.S. 48.081 (3)(a).

**Description** of Person Served: Age: 25, Sex: F, Race/Skin Color: BLACK, Height: 5'8, Weight: 130, Hair: BLACK, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Special Process Server, in good standing, in the judicial circuit in which the process was served and have proper authority in the jurisdiction in which this service was made. Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true, to the best of my knowledge and belief F.S. 92.525 Verification of documents.

Ira Smith
SPS #1569

**DLE PROCESS SERVERS, INC.**
**1750 Coral Way**
**Suite 300**
**Miami, FL 33145**
**(786) 220-9705**

Our Job Serial Number: DLE-2020018138

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1g

Filing # 106559888 E-Filed 04/22/2020 12:43:09 PM

| ☑ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.<br>☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | ☐ A |
|---|---|---|
| **DIVISION**<br>☑ CIVIL      ☐ OTHER<br>☐ DISTRICTS | **SUMMONS 20 DAY CORPORATE SERVICE**<br>**(a) GENERAL FORMS** | **CASE NUMBER**<br>2020-008685-CA-01 |
| **PLAINTIFF(S)**<br>JORGE UGARTE | **VS. DEFENDANT(S)**<br>WHOLE FOODS MARKET I.P., L.P.,<br>a Foreign Limited Partnership, | **SERVICE** |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:
**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on

defendant(s): WHOLE FOODS MARKET I.P., L.P.,

By serving the Registered Agent CT Corporation System

1200 S. Pine Island Road

Plantation, Fl 33324

Each defendant is required to serve written defense to the complaint or petition on

Plaintiff's Attorney: FORREST SYGMAN, PA
whose address is: 7300 NORTH KENDALL DRIVE, SUITE 450
MIAMI, FL 33156

*5/1/20*
*1.18 pm*
*Monica*
*creary*

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **HARVEY RUVIN**<br>**CLERK of COURTS** | *[signature]* 219401<br>DEPUTY CLERK | **DATE**<br>4/22/2020 |
|---|---|---|

**AMERICANS WITH DISABILITIES ACT OF 1990**
**ADA NOTICE**

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

CLK/CT. 314  Rev. 02/16                    Clerk's web address: www.miami-dadeclerk.com

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. 2020-008685-CA-01

JORGE UGARTE,

      Plaintiff,

v.

WHOLE FOODS MARKET I.P., L.P.,

      Defendant.

_____/

### DEFENDANT'S *UNOPPOSED* MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant, WHOLE FOODS MARKET I.P., L.P. ("Defendant"), respectfully requests the entry of an order extending the time, through and including June 5, 2020, in which to file a response to Plaintiff, JORGE UGARTE's ("Plaintiff") Complaint.  In support of this Motion, Defendant states as follows:

1.      Plaintiff filed this action on April 20, 2020.  Defendant was served with the Summons and Complaint on May 1, 2020.  Accordingly, Defendant's response to the Complaint is currently due on May 21, 2020.

2.      Counsel for Defendant is currently in the process of investigating the allegations of the Complaint, and respectfully requests a brief extension, through and including June 5, 2020, to respond to the Complaint. The requested extension will permit counsel to investigate the matter in order to prepare an adequate response.

3.      In accordance with the Rules of this Court, on May 18, 2020, Defendant's counsel, Alexandra Blanco Mangas, conferred with Plaintiff's counsel, Forrest Sygman, Esq., who advised that Plaintiff has no objection to the requested enlargement of time.

4.      This motion is not made to unduly delay these proceedings, the requested extension

will not prejudice either party, and it is in the interest of justice to grant the enlargement requested

herein.

WHEREFORE, Defendant respectfully requests that the Court enter an Order granting the

instant Motion and permitting Defendant to respond to Plaintiff's Complaint on or before June 5,

2020.

DATED: this 20th day of May 2020.                    Respectfully Submitted,

By: */s/ Alexandra Blanco Mangas*
Patrick G. DeBlasio, III
Florida Bar No. 871737
E-mail:  pdeblasio@littler.com
Secondary:  btapia@litter.com
Alexandra Blanco Mangas
Florida Bar No. 106874
E-mail:  alblanco@littler.com
Secondary:  kljackson@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 S.E. 2nd Avenue, Suite 2700
Miami, Florida  33131-1804
Telephone: (305) 400-7500
Facsimile:  (305) 603-2552

*COUNSEL FOR DEFENDANT*
*WHOLE FOODS MARKET I.P., L.P.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 20th day of May 2020, a true and correct copy of the foregoing document was filed with the Clerk of Court by using the Florida Courts E-Filing Portal and served this day on all counsel of record identified on the attached Service List, either via transmission of Notices of Electronic filing generated by the Florida Courts E-Filing Portal or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Alexandra Blanco Mangas*
Alexandra Blanco Mangas, Esq.

## SERVICE LIST

**ATTORNEYS FOR PLAINTIFF**

Forrest Sygman, Esq.
Florida Bar No. 748020
E-mail:  forrest@sygmanlaw.com
Secondary: paralegal@sygmanlaw.com
Marlene Collazo, Esq.
Florida Bar No. 75330
E-mail:  associate@sygmanlaw.com
FORREST SYGMAN, P.A.
The Tate Building
7300 N. Kendall Drive, Suite 450
Miami, Florida  33156
Telephone:  (305) 661-8955

**ATTORNEYS FOR DEFENDANT**

Patrick G. DeBlasio, III
Florida Bar No. 871737
E-mail:  pdeblasio@littler.com
Secondary:  btapia@litter.com
Alexandra Blanco Mangas
Florida Bar No. 106874
E-mail:  alblanco@littler.com
Secondary:  kljackson@littler.com
LITTLER MENDELSON, P.C.
Wells Fargo Center
333 S.E. 2nd Avenue, Suite 2700
Miami, Florida  33131-1804
Telephone: (305) 400-7500
Facsimile:  (305) 603-2552

4813-6689-6316.1 099817.1063

3

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO. 2020-008685-CA-01

JORGE UGARTE,

     Plaintiff,

v.

WHOLE FOODS MARKET I.P., L.P.,

     Defendant.

_____/

## **AGREED ORDER**

THIS MATTER having come before the Court on Defendant Whole Foods Market I.P., L.P.'s Unopposed Motion for Enlargement of Time to Respond to Plaintiff's Complaint, and the Court being otherwise duly advised, it is hereby:

ORDERED AND ADJUDGED as follows:

1.     The Defendant's Motion is GRANTED.

2.     Defendant shall have until June 5, 2020 to respond to the Complaint.

DONE and ORDERED in Chambers at Miami, Florida on May _____, 2020.


_____
ALAN FINE
CIRCUIT COURT JUDGE

Copies to: All Counsel of Record


4850-7190-8540.1 099817.1063